BENJAMIN R. KITTREDGE, Appellant, *v.* WILLIAM C.
LANGLEY, Respondent.

(Submitted February 17, 1930; decided March 18, 1930.)

(See 252 N. Y. 405.)

*Frank H. Hiscock* for motion.

*R. Randolph Hicks* and *George F. Canfield*, opposed.

*Per Curiam.* We find no adequate reasons for a reargument of this appeal.

Undoubtedly the plaintiff believed that even without independent evidence of the conversion of his bonds, he might recover on the basis of a judgment binding on the firm. Undoubtedly the defendant believed that in the

absence of such a judgment and an execution returned thereon, the remedy in equity must fail as a result of the omission to exhaust the remedy at law. In this posture of beliefs there was little stress by either side on evidence upholding or impugning the underlying cause of action. The plaintiff thought the evidence unnecessary, but the defendant thought it harmless. Each understood that it could be readily supplied, and duty to client did not call for an insistence upon barren technicalities. If the obstacle of a missing judgment could be overcome, a *prima facie* case would be made out upon proof that the bonds belonging to the plaintiff had been delivered to Coster, Knapp & Co., his brokers, and by them converted or fraudulently misappropriated to their own use. The defendant cannot have doubted that this at least could be proved by records easily available. The storm center of the litigation from the beginning had been something very different; the storm center had been the question whether the defendant's firm at the time of their acceptance of the bonds were holders in good faith, and as to that the burden was on them (*Kittredge* v. *Grannis*, 244 N. Y. 168, 173). The plaintiff was not required to give evidence of guilty knowledge as part of his *prima facie* case. The fundamental facts establishing that case were so nearly undisputed that there can have been little thought by any one of the necessity or advantage of proving them anew.

In the light of present criticisms we have gone over again the colloquy of counsel from which we drew the inference of waiver (252 N. Y. 405, at p. 416). True, indeed, it is that the plaintiff did not recede from his position that proof of the judgment was sufficient to establish liability. This did not deprive him, however, of the privilege of supporting his cause of action by evidence *dehors* the judgment, if the defendant had consented that such evidence might be considered. We cannot read the colloquy as importing anything less than that consent, a consent directed to something which in the view of each of the contending parties was of sub-

ordinate significance. For the sake of brevity we quoted in our opinion a part, and a part only, of the colloquy. There are other parts that tend to the same construction and no other. " If your Honor please," said the plaintiff's counsel, " that record [*i. e.*, the record of the former trial] is before your Honor and I will not try to interpret the record." To this the defendant's counsel gave manifest assent. " Those," he said " are already in evidence," by which obviously he meant those statements in the former record explaining the transaction, and then he added, " I do not think there is any other testimony or evidence as to the transaction itself other than what is contained in these voluminous records that is going to help us at this stage." The voluminous records were the records of the other trial. The defendant had indeed excepted when the judgment-roll with its supporting testimony was offered and received, but this was on the theory that the judgment was irrelevant. The objection overruled and the supporting testimony in, he clearly indicated his understanding that it might be referred to with the same effect as if witnesses had been called and had rehearsed the testimony again.

We are not unmindful of the fact that the trial judge decided the case in the belief that he was limited to the judgment, and that the underlying evidence was not to be considered. This appears from his opinion. Very likely he had forgotten the colloquy, or did not appreciate its significance. The fact is, however, that it was there. The misconception did not take the evidence out if consent had put it in.

The argument is strongly pressed that the inference of consent or waiver is overcome by the fact that the plaintiff in offering the record of the former trial excluded from his offer a volume of exhibits. There can be no question, however, that the volumes offered and admitted were amply sufficient to make out a *prima facie* case, which would call upon the defendant for explanation or defense. If the omitted exhibits were important for that purpose, the defendant was at liberty to offer them himself.

The point is also urged that the suggestion of waiver was not made by counsel for the plaintiff either in his brief or in his oral argument, but originated with the court.  At best, the point is indecisive, but it is founded on a misconception of the facts.  There was no claim of waiver in the brief.  There was, however, on the oral argument.  Counsel for the plaintiff called the attention of the court to some of the folios of the record supporting that position, and they were noted and considered.

We think the new trial that we have ordered is in furtherance of justice.  The defendant will then be free, if he is so advised, to insist that the cause of action be established anew.  What is certain is that the cause will be disposed of on its merits, and not on formal irregularities or technical omissions.

The motion for reargument should be denied  with ten dollars costs and necessary printing disbursements.